### GONZALES *v.* ATCHISON, T. & S. F. R. Co.

Filed January 11, 1886.

SUPREME COURT OF NEW MEXICO—PRACTICE—RULES OF COURT—RECORD.
Under rule 24 of the rules of court of the supreme court of New Mexico, the appellant must, within the proper time after judgment rendered, present, along with his bill of exceptions, a proposed record, containing the pleadings and proceedings in the case, to the trial judge, and the opposing party or his attorney; otherwise the case cannot be entertained above.

*Francis Downs,* for appellant.

*Henry L. Waldo,* for appellee.

HENDERSON, J.   On the second day of the term appellee filed a motion to strike from the files of this court the record filed in the cause.   The motion is in the following form, to-wit:

"IN THE SUPREME COURT, TERRITORY OF NEW MEXICO,—JANUARY TERM, 1886.

"*Nasario Gonzales, Appellant,* vs. *Atchison, Topeka & Santa Fe Railroad Company, Appellee.*

"Now comes the said appellee by its attorney, Henry L. Waldo, Esq., and moves the court to strike from the files of this court the pretended record on file in this cause, for the reasons set forth in the affidavits accompanying this motion, and as shown by the certificate of the clerk of the district court attached to said pretended record: That appellant has failed to comply with the provisions of rule twenty-four (24) of the rules of this court as to the preparation of records for review in this court.

[Signed]                    "HENRY L. WALDO, Attorney for Appellee."

Two affidavits accompanying this motion were filed in which the failure on the part of appellant to comply with the rule referred to is specifically pointed out.   The first is that of Henry L. Waldo, Esq., in substance as follows:   That at the time of bringing this suit he was, and thence hitherto has been, and now is, the attorney of the said Atchison, Topeka & Santa Fe Railroad Company, and the designated agent, residing at Santa Fe, territory of New Mexico, of said company, upon whom process might be served, and the attorney of record in said cause; that no proposed record of the pleadings and proceedings containing a proposed bill of exceptions was ever served upon him as the attorney of record in said cause, nor as the designated agent of said company, nor was any proposed record of any kind or in any form ever submitted to him as such attorney or designated agent; and that he has never had any notice or knowledge of such a record having been proposed or offered for settlement to the presiding judge of the First judicial district court of said territory of New Mexico, nor to either of the judges of the Second or Third judicial district courts of said territory, acting for said judge of said First judicial district court.   The remaining portion of the affidavit refers to cer-

tain correspondence contained in the transcript of the record in this cause.

The other affidavit is that of Summers Burkhart. He states that he is now, and was during the entire year of 1885, chief deputy of the clerk of the First judicial district court of this territory, and as such is, and was during that time, familiar with the files and records of said clerk's office; that he made the copies of the papers, record entries of proceedings in the case of *Nasario Gonzales* v. *Atchison, Topeka & Santa Fe Railroad Company*, lately pending in the First judicial district court of said territory, now on file in the office of the clerk of this court, and attached the certificate of the clerk thereto as deputy; that no proposed record, or prepared or made record, in said cause, settled or not settled by the district judge, has ever been filed, or tendered to be filed, in said cause, and that the transcript made by him as such deputy as aforesaid was not made from any proposed record, or prepared or made record, filed in said cause under rule 24 of the rules of the supreme court; that the only paper filed, or tendered to be filed, in said cause since the determination of said cause in the First judicial district court by the appellant or his attorney, was the paper mentioned in the said certificate as the paper filed and indorsed, "Bill of Exceptions," together with certain letters and affidavits accompanying the same.

So much of rule 24 as may be necessary for the consideration of the proposition presented by the motion is as follows, to-wit:

" Whenever it shall be intended to review by appeal or writ of error a judgment of the district court, a record of the pleadings and proceedings in the case, containing a proposed bill of exceptions, if the appellant desire to present exceptions not appearing on the record, shall be prepared by the appellant, and a copy thereof served on the opposite party, or his attorney, within ten days after the entry of judgment, unless the time is extended by the court; and the party served may, within ten days after such service, propose amendments to the proposed record and exceptions, and serve a copy of such amendments on the appellant, who may then, within five days thereafter, serve the appellee with a notice that the proposed record and exceptions, with the proposed amendments, will be submitted, at a time and place to be specified in the notice, to the district judge before whom judgment was obtained, for settlement. The said judge shall thereupon correct and settle the proposed exceptions, and determine what portion of the record of proceedings in the case shall be transmitted to the supreme court. The time for such settlement, to be specified in said notice, shall not be less than ten nor more than twenty days after service of such notice. If the appellant shall omit to make a proposed record, with exceptions, if exceptions are to be presented, within the time limited by law, or as extended by the court, *he shall be deemed to have waived his right thereto.*"

Counsel for appellant does not question the power of this court to make and enforce the rule in question, but insists that a fair and liberal interpretation of it, when considered by the light of the facts presented in the record, will not compel or even authorize this court to strike the record from the files. The power to make the rule being

conceded, and it appearing to be free from uncertainty or ambiguity, nothing is left for construction by the court.

The only question presented is, was there a substantial, if not a literal, compliance with the provisions of this rule? We think not. No proposed record containing the pleadings and proceedings, or any part thereof, in the cause, accompanied the bill of exceptions tendered counsel for appellee; nor was such record, or any part thereof, within the meaning of said rule, presented with the bill of exceptions to the judge when offered for settlement.

The letter addressed by counsel for appellee to that of appellant, on returning the proposed bill of exceptions, cannot be construed as a waiver of the right to be served with a copy of "the record of the pleadings and proceedings in the case." Nor can his acts be construed as consenting that the bill of exceptions, containing a reference to some of the pleadings, may be considered as a proposed record, as well as the exceptions contained in the tendered bill. The rule is of doubtful utility, and imposes needless costs in perfecting appeals; but it is in force, and must be observed in this case. The motion will be sustained and the record stricken from the files; and it is so ordered.

Long, C. J., and Brinker, J., concurring.